Mark E. Ellis - 127159
Amanda N. Griffith - 288164
ELLIS LAW GROUP, LLP
740 University Avenue, Suite 100
Sacramento, CA  95825
Tel: (916) 283-8820
Fax: (916) 283-8821

Attorneys for Defendant COLLECTIBLES MANAGEMENT RESOURCES

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN SINGH JR.,<br><br>　　Plaintiff,<br><br>v.<br><br>COLLECTIBLES MANAGEMENT RESOURCES,<br><br>　　Defendant. | Federal Case No.:<br><br>Fresno County Case No.:  16CECG01611<br><br>**DEFENDANT COLLECTIBLES MANAGEMENT RESOURCES' NOTICE OF REMOVAL OF ACTION UNDER 28 USC § 1441(a) (FEDERAL QUESTION)** |

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

PLEASE TAKE NOTICE that defendant COLLECTIBLES MANAGEMENT RESOURCES hereby removes to this Court the state court action described below:

1.　On May 19, 2016, an action was commenced in Superior Court, State of California, Fresno County, entitled JOHN SINGH, JR., Plaintiff, v. COLLECTIBLES MANAGEMENT RESOURCES, Defendant, as case number 16CECG01611.

2.　On or about May 19, 2016, COLLECTIBLES MANAGEMENT RESOURCES was served with the Summons and Complaint, attached hereto as **Exhibit A**.

3.　This Court has jurisdiction to hear this case because this action is a civil action of which this Court has original jurisdiction under **28 U.S.C. § 1331**, and is one which may be removed to this Court by defendant pursuant to the provisions of **28 U.S.C. § 1441(a)** in that it arises under the federal

- 1 -

Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.*

Dated: June 16, 2016

          ELLIS LAW GROUP, LLP


By */s/ Amanda N. Griffith*
   Amanda N. Griffith
   Attorney for Defendant
   COLLECTIBLES RESOURCES MANAGEMENT

# EXHIBIT A

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
COLLECTIBLES MANAGMENT RESOURCES

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
JOHN SINGH JR



FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

FILED
MAY 19 2016
SUPERIOR COURT
COUNTY OF FRESNO
BY _____

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* FRESNO SUPERIOR COURT
1130 "O" STREET FRESNO CA 93721

CASE NUMBER:
*(Número del Caso):* 16 CE CG 01611

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

DATE: MAY 19 2016                Clerk, by    L. ESPARZA           , Deputy
*(Fecha)*                        *(Secretario)*                     *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons *(form POS-010)*.)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:

3. ☐ on behalf of *(specify)*:

   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify)*:
4. ☐ by personal delivery on *(date)*:

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

John Singh Jr
1529 N Dara Ave
Clovis CA 93619-1359
johnsingh01@yahoo.com

FILED
MAY 19 2016
SUPERIOR COURT
COUNTY OF FRESNO
BY _____

**Superior Court of California**
**County Fresno**

| | |
|---|---|
| John Singh Jr | ) |
| Plaintiff, | ) **COMPLAINT** |
| VS. | ) 16 CE CG 01611 |
| Collectibles Management Resources | ) |
| Defendant | ) |

I

JURISDICTION AND VENUE

1  California Superior Court County of Fresno has Jurisdiction Over this matter because the relief requested includes permanent injunction and the monetary relief demanded more than $25,000. John Singh Jr is, and at all relevant times is a citizen of California residing in the County of Fresno Collectibles Management Resources in a California Collection Agency with its principal place of business in Fresno California.

II
PRELIMINARY STATEMENT

2  Collectibles Management Resources is a California Collection Agency with its principal place of business in Fresno, California. The Agency is providing Collection services and risk management services to businesses and consumers.

- 1 -
COMPLAINT FOR DAMAGES

## III
## PARTIES

3   The Plaintiff, John Singh Jr is and at times mentioned herein, is a resident of Fresno County, California, and over twenty-one years of age. Plaintiff John Singh Jr is a citizen of California. Plaintiff is informed and believes and thereon alleges that defendant Collectibles Management Resources is and at all relevant times is a Collection Agency and do business under this name.

4   Plaintiff is ignorant of the true names and capacities of defendants sued here, and therefore sue this defendant by such fictitious names. Plaintiff will amend this complaint to allege its true name and Capacities when ascertained. Each Doe Defendant is responsible for the Plaintiff's damage, and worked at the direction, and/or with ratification of defendant Collectibles Management Resources and was the agents, representatives, employees, corporate officers and directors.

## IV
## PRELIMINARY STATEMENT

5   On or about December 2015 Plaintiff discovered that Defendant is reporting a collection account that should not be reported. Plaintiff informed on January 1, 2016 Defendants by Mail and Telephone that the account should not be reporting and Defendant promised to investigate the matter. On or about February 2016 Plaintiff received a letter from the Defendant that the account belongs to him. Plaintiff called defendants several time inquiring about the account how and when this account was established. On April 18, 2016 Plaintiff mailed a final notice to Defendant informing it that the account does not belong to him and should deleted. Plaintiff never received an answer back.

## V
## LEGAL ARGUMENT

6   The law is very clear that when furnisher of information receives a dispute from the CRA it must investigate. UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT LINDA JOHNSON v. MBNA AMERICA BANK, NA, Defendant Appellant, No. 03-1235,

1  UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION 99 F. Supp. 2d 918, *; 2000 U.S. Dist. LEXIS 8018, ** SCOTT DORNHECKER, JOSE SANCHEZ, and CAROLYN JOHNSON, Plaintiffs, v. AMERITECH CORPORATION, Defendant. No. 00 C 26

7  The civil liability sections, 15 U.S.C. § 1681n and 1681o, explicitly provide a private right of action for consumers wishing to enforce any provision of the Fair Credit Reporting Act against "any person" who either "willfully fails to comply" or is "negligent in failing to comply." Absent any explicit limitation, the plain language of 15 U.S.C. §§ 1681n, 1681o, 1681s-2(b) and (c) provide a private right of action for a consumer against furnishers of information who have willfully or negligently failed to perform their duties upon notice of a dispute. Furthermore, the negative inference of explicitly precluding a consumer's right of action for violations of § 1681s-2(a) is that they are preserved in § 1681s-2(b). Accordingly, the plain language of the Fair Credit Reporting Act compels the conclusion that there is a private right of action for consumers to enforce the investigation and reporting duties imposed on furnishers of information.

8  TOBY D. NELSON, Plaintiff-Appellant, v. CHASE MANHATTAN MORTGAGE CORP., Defendant-Appellee. No. 00-15946 United States Court of Appeals for the Ninth Circuit D.C. No. CV-99-00290-JBR (RLH) the amendment of §§ 1681n & o effected in 1996. Before amendment, § 1681n & o provided for suit against a CRA or against a user of credit information, but not against a furnisher. When the statute was amended, "any person" was made open to suit. See Pub.L. 104-208 at § 2412; 110 Stat. 3009 at § 2412 (1996) ("section 616 of the [FCRA] . . . is amended by striking ' any consumer reporting agency or user of information which' and inserting ' (a) IN GENERAL, any person who' "). As counsel for the FTC observed, there are involved in any credit transaction only the consumer, the CRAs, the user of the credit reports and the furnishers of the credit information. As consumers would not be made subject to suit by consumers, and as CRAs and users were already suable, whom else except furnishers could Congress have had in mind when it introduced "any person" into the statute? Where, other than under § 1681s-2(b) would furnishers be suable by consumers.

- 3 -
COMPLAINT FOR DAMAGES

9  In Dornhecker v. Ameritech Corporation, [FN1] the court held that the FCRA provides individual consumers with a private right of action against a furnisher of credit information for failing to properly comply with its investigative duties once it has received notice of a dispute from a credit reporting agency. Three plaintiffs, who were consumers as defined by the FCRA, alleged that Ameritech opened phone service accounts on behalf of third persons who fraudulently used plaintiffs' names and other identifying information, and thus allowed debt to be falsely incurred in their names. Plaintiffs alleged that because Ameritech failed to appropriately screen account applicants, it opened accounts on behalf of third persons who used plaintiffs' personal identifiers to receive services from Ameritech. Plaintiffs never received these services. Ameritech eventually enlisted the aid of collection agencies and reported the bad debt to credit reporting agencies. Ameritech requested dismissal of plaintiffs' FCRA claims, saying that there was no private right of action under the section of the FCRA requiring furnishers of information to investigate disputed credit information. Analyzing the case under the four-factor test set forth by the Supreme Court in Court v. Ash [FN2] for determining whether a private remedy is implicit in a statute not expressly providing for one, the court held that individual consumers do have a private right of action against a furnisher of information under the FCRA. [FN3

## VI
## CAUSE OF ACTION

### COUNT ONE
### VIOLATION OF THE FAIR CREDIT REPORTING ACT

10  The plaintiff's alleges that Defendants are negligent of non-compliance with the FCRA. Section 1691o(a). Defendants who are negligent in failing to comply with the requirement imposed under this subchapter with respect to the plaintiff are liable to that consumer for damages and costs. The Plaintiff suffered due to that negligent and noncompliance by failing to investigate the dispute.

11  THEREFORE Plaintiffs request judgment against Defendants for damages of $1,000 plus costs and fees and respectfully ask this Court for leave to move for punitive damages. Defendants

- 4 -
COMPLAINT FOR DAMAGES

failed to follow reasonable procedures to assure the maximum possible accuracy of information in the plaintiff consumer report. By failing to do so the plaintiff consumer's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living was suffered and endure unnecessary hardship.

## COUNT TWO
## LOSS OF OPORTUNITY

12  Defendants failed to follow reasonable procedures to assure the maximum possible accuracy of information in the plaintiff consumer report. By failing to do so the plaintiff consumer's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living was suffered and endure unnecessary hardship As a result of the defendants' conduct, actions, and inaction, the plaintiff who in fact had an impeccable credit history, was unable to purchase and finance an Auto Vehicle. The defendants' conduct, actions and inactions were willful, rendering the defendant's liable for punitive damages in an amount to be determined by the court pursuant to 15 U.S.C.§ 1681n.

13  THEREFORE Plaintiffs request judgment against Defendants for compensatory damages plus costs and fees and respectfully ask this Court for leave to move for punitive damages.

## COUNT THREE
## DEFAMATION

14  Defendants negative reporting to the credit reporting agencies, the fact that Plaintiff was severely delinquent in paying on his account and had an outstanding balance. The defendants published this information in writing in their reports and the public. Defendants knew the statements were false when made or had no factual basis for making the statements. The written publications by Defendants constitute libel per se. As a direct and proximate result of the defendants' defamation, the Plaintiffs have suffered extreme mental anguish, a loss of reputation, and a loss of ability to establish credit account. The defendants' acts were malicious, willful, and wanton and to the total disregard of Plaintiff's just rights.

15   THEREFORE Plaintiffs request judgment against Defendants for compensatory damages plus costs and fees and respectfully ask this Court for leave to move for punitive damages.

## COUNT FOUR
## NEGLIGENCE

16   Civil liability for negligent noncompliance negligent and willful failure to reinvestigate the disputed entries in violation of sections 611(a), 616, and 617 of the FCRA, 15 U.S.C. §§ 1681i(a), 1681n, 1681o" In general. Any person who is negligent in failing to comply with any requirement imposed under this title with respect to any consumer is liable to that consumer in an amount equal to the sum of any actual damages sustained by the consumer as a result of the failure; In the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court. Defendants had a duty of reasonable care not to injure the Plaintiff, privacy, general reputation, or credit reputation. The defendants have negligently violated their duty of reasonable care to Plaintiff by continuing to report accounts as severely delinquent. As a direct and proximate result of the defendants' negligence, the Plaintiffs have suffered extreme mental anguish, a loss of reputation, and a loss of ability to obtain credit.

17   THEREFORE, Plaintiffs have suffered economic and psychological damages as a result of the negligence of Defendants and are entitled to reimbursement and compensation for their injuries.

18   WHEREFORE, Plaintiffs request judgment against Defendants for economic and psychological damages as well as compensatory damages plus costs and fees and respectfully ask this Court for leave to move for punitive damages.

Plaintiffs request a jury trial.

DATED: May 19, 2016

*/s/ John Singh Jr*
John Singh Jr
In Pro Per

- 6 -
COMPLAINT FOR DAMAGES

# CERTIFICATE OF SERVICE

I, Jennifer Mueller, declare:

I am a citizen of the United States, am over the age of eighteen years, and am not a party to or interested in the within entitled cause. My business address is 740 University Avenue, Suite 100, Sacramento, CA 95825.

On June 16, 2016, I served the following document(s) on the parties in the within action:

DEFENDANT COLLECTIBLES MANAGEMENT RESOURCES' NOTICE OF REMOVAL OF ACTION UNDER 28 USC § 1441(a) (FEDERAL QUESTION)

| | |
|---|---|
| X | **BY MAIL**: I am familiar with the business practice for collection and processing of mail. The above-described document(s) will be enclosed in a sealed envelope, with first class postage thereon fully prepaid, and deposited with the United States Postal Service at Sacramento, CA on this date, addressed as follows: |

John Singh, Jr.                                    Plaintiff In Pro Per
1529 N. Dara Avenue
Clovis, CA 93619

I declare under penalty of perjury under the laws of the State of California that the foregoing is a true and correct statement and that this Certificate was executed on June 16, 2016.

By. _____
    Jennifer Mueller

DEFENDANT COLLECTIBLES MANAGEMENT RESOURCES' NOTICE OF REMOVAL OF ACTION UNDER 28 USC § 1441(a) (FEDERAL QUESTION)