UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **JOHN SINGH JR.,** | 1:16-cv-00835 LJO BAM |
| **Plaintiff,** | **MEMORANDUM DECISION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS (Doc. 3)** |
| v. | |
| **COLLECTIBLES MANAGEMENT RESOURCES,** | |
| **Defendant.** | |

Pro se Plaintiff John Singh ("Plaintiff") alleges that Collectibles Management Resources ("Defendant") violated both state and federal laws by furnishing and reporting erroneous information on Plaintiff's account and consumer report. Doc. 1, Ex. A, Complaint ("Compl.").

Defendant now moves to dismiss Plaintiff's claims pursuant to Federal Rule of Civil Procedure 12(b)(6) on the ground that none of them states a claim upon which relief can be granted. Doc. 3 at 1. Plaintiff did not oppose the motion. *See* Doc. 4. For the reasons set forth more fully below, the Court GRANTS the motion.

### I. BACKGROUND[1]

Plaintiff discovered in or around December 2015 that Defendant, a California collections agency, was reporting a collection account that was erroneous. Compl. at ¶ 5. Plaintiff claims he contacted Defendant on January 1, 2016, by mail and telephone and informed Defendant of the error. *Id*. Plaintiff received a letter from Defendant in or around February 2016, stating that the account did in fact belong

---

[1] The following facts are drawn from Plaintiff's complaint and are assumed as true for purposes of Defendant's motion. *See Lazy Y. Ranch LTD. v. Behrens*, 546 F.3d 580, 588 (9th Cir. 2008).

1

to him. *Id*. Plaintiff contends that he repeatedly attempted to contact Defendant following the receipt of the letter, but was unable to make contact and received no relief. *Id.*

On May 19, 2016, Plaintiff filed suit against Defendant in the Superior Court of California for the County of Fresno, alleging that Defendant caused him injury by falsely furnishing and reporting incorrect credit information. Doc. 1 at 1. In particular, Plaintiff brought four causes of action against Defendant for: (1) negligent violation of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681 *et seq.*; (2) loss of opportunity; (3) defamation; and (4) negligence. Compl. at 4-6. Defendant removed this case to this Court pursuant to 28 U.S.C. § 1441(a) based on federal question jurisdiction arising from Plaintiff's FCRA claim. Doc. 1 at 1-2; 15 U.S.C. §§ 1681 *et seq*.

## II. **STANDARD**

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) is a challenge to the sufficiency of the allegations set forth in the complaint. A 12(b)(6) dismissal is proper where there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balisteri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990). In considering a motion to dismiss for failure to state a claim, the court generally accepts as true the allegations in the complaint, construes the pleading in the light most favorable to the party opposing the motion, and resolves all doubts in the pleader's favor. *Lazy Y. Ranch LTD v. Behrens*, 546 F.3d 580, 588 (9th Cir. 2008).

To survive a 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the Plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. (quoting *Twombly*, 550 U.S. at 556). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual

allegations, a Plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal citations omitted). Thus, "bare assertions...amount[ing] to nothing more than a 'formulaic recitation of the elements'...are not entitled to be assumed true." *Iqbal*, 556 U.S. at 681. "[T]o be entitled to the presumption of truth, allegations in a complaint...may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). In practice, "a complaint...must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." *Twombly*, 550 U.S. at 562; *see also Starr*, 652 F.3d at 1216 ("the factual allegations that are taken as true must plausibly suggest an entitlement to relief").

### III. ANALYSIS

**A.    Fair Credit Reporting Act Claim**

Plaintiff has instituted this private right of action against Defendant, a furnisher of consumer credit information, for violations of the FCRA. Compl. at 4. Plaintiff alleges that in December 2015 he discovered Defendant was "reporting a collection account that should not be reported." *Id.* at ¶ 5. Plaintiff notified Defendant that the account should not be reported, and Defendant "promised to investigate the matter," but never did despite Plaintiff's multiple attempts to resolve the dispute. *Id.* Plaintiff claims Defendant's failure to do so violated "Section 1691o(a)" of the FCRA. *Id.* at ¶ 10. Defendant argues the claim fails because Defendant had no duty to investigate Plaintiff's complaint and, accordingly, did not violate the FCRA. Doc. 3-1 at 1.

As a threshold matter, there is no "Section 1691o(a)" of the FCRA. "15 U.S.C. § 1691, *et seq*. is the Equal Credit Opportunity Act and does not contain a subsection 'o(a).' Accordingly, Plaintiff has failed to state a claim under the FCRA." *Ali v. Capital One*, No. 1:11-CV-02115-LJO, 2012 WL 260023, at *3 (E.D. Cal. Jan. 27, 2012) (internal quotations omitted). Nonetheless, the Court will

construe Plaintiff's FCRA claim as having been brought under § 1681o(a) of the FCRA, which provides for civil liability for negligent noncompliance with the FCRA.

The thrust of Plaintiff's FCRA claim is that Defendant allegedly furnished inaccurate information to Plaintiff, which he disputed, and failed to investigate the dispute. In *Nelson v. Chase Manhattan Mortgage Corp.*, the Ninth Circuit explained when a private right of action exists under the FCRA against a furnisher of credit information for failure to investigate a dispute:

> It can be inferred from the structure of the [FCRA] that Congress did not want furnishers of credit information exposed to suit by any and every consumer dissatisfied with the credit information furnished. Hence, Congress limited the enforcement of the duties [owed by furnishers of credit information] to governmental bodies. But Congress did provide a filtering mechanism . . . by making the disputatious consumer notify a [credit reporting agency ("CRA")] and setting up the CRA to receive notice of the investigation by the furnisher. With this filter in place and opportunity for the furnisher to save itself from liability by taking the steps required by § 1681s–2(b), Congress put no limit on private enforcement under §§ 1681n & o.

282 F.3d 1057, 1060 (9th Cir. 2002). Therefore, furnishers have a duty to investigate a dispute with a consumer only after the furnisher receives notice of the dispute from a CRA. *Capital One*, 2012 WL 260023, at *3 (internal quotations omitted). Accordingly, to state a claim under the FCRA against Defendant for failing to investigate their alleged dispute, Plaintiff must allege that he contacted a CRA, who determined the claim was viable, and so informed Defendant. *Roybal v. Equifax*, 450 F.Supp. 2d 1177, 1180 (E.D. Cal. Oct. 19, 2005). Because Plaintiff does not allege he contacted a CRA, his FCRA claim fails. Accordingly, the Court GRANTS Defendant's motion to dismiss the claim with leave to amend.

**B.     Loss of Opportunity, Defamation, and Negligence Claims[2]**

Plaintiff also brings state law claims for loss of opportunity, defamation, and negligence. Compl. at 5-6. Defendant seeks to have these claims dismissed on the ground that they are entirely preempted by the FCRA. Doc. 3-1 at 7.

---

[2] The Court opts to exercise its discretionary supplemental jurisdiction over Plaintiff's state law claims. *See* 28 U.S.C. § 1367(c)(3).

4

"As a general rule, the FCRA does not preempt any state law." *Capital One*, 2012 WL 260023, at *5 (citations omitted). However, there are exceptions to the rule, including the regulation of the responsibilities of those who furnish information to consumer reporting agencies. *Id.*; *see* 15 U.S.C. § 1681t(b)(1)(F). In relevant part, the FCRA provides that "[n]o requirement or prohibition may be imposed under the laws of any State with respect to any subject matter regulated under . . . section 1681s–2 of this title, relating to the responsibilities of persons who furnish information to consumer reporting agencies." 15 U.S.C. § 1681t(b)(1)(F). Because Plaintiff's state law claims are based on an alleged injury arising purely from the reporting of credit information by a furnisher of credit, they are completely preempted. *See Equifax*, 450 F.Supp. 2d at 1181-82. Accordingly, the Court GRANTS Defendant's motion to dismiss Plaintiff's state law claims without leave to amend.

## IV. CONCLUSION AND ORDER

For the foregoing reasons, the Court GRANTS WITH LEAVE TO AMEND Defendant's motion to dismiss Plaintiff's FCRA claim, but GRANTS WITHOUT LEAVE TO AMEND his state law claims. Any amended complaint shall be filed on or before August 29, 2016. Failure to meet this deadline will result in this case being dismissed with prejudice for failing to comply with the Court's order.

IT IS SO ORDERED.

Dated: **July 28, 2016**       /s/ Lawrence J. O'Neill
UNITED STATES CHIEF DISTRICT JUDGE

5