UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **JOHN SINGH, JR.,** | 1:16-cv-00835 LJO BAM |
| Plaintiff, | **MEMORANDUM DECISION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS (Doc. 8)** |
| v. | |
| **COLLECTIBLES MANAGEMENT RESOURCES,** | |
| Defendant. | |

## I. INTRODUCTION

Pro se Plaintiff John Singh, Jr., brings this action against Defendant Collectibles Management Resources alleging violations of the federal Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.*, and state law claims of loss of opportunity, defamation, and negligence.

Defendant, by and through counsel, now moves to dismiss Plaintiff's claims pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6), arguing that Plaintiff has failed to state a claim upon which relief can be granted. Doc. 8. Plaintiff has not opposed the motion. For the reasons set forth below, Defendant's motion to dismiss is GRANTED.

## II. BACKGROUND

All facts are taken from Plaintiff's first amended complaint and assumed to be true only for the purpose of Defendant's motion. *See Lazy Y Ranch LTD v. Behrens*, 546 F.3d 580, 588 (9th Cir. 2008). Plaintiff is a resident of Fresno, California. Doc. 7 at ¶ 3. Defendant is a California collection agency with its principal place of business in Fresno, California. *Id.* at ¶ 2.

In December of 2015, Plaintiff learned that Defendant was incorrectly reporting a collection

1

account associated with him. *Id.* at ¶ 5. Plaintiff contacted the three major credit reporting bureaus and disputed the account. *Id.* The bureaus then filed a dispute with Defendant, who informed the bureaus that the account did in fact belong to Plaintiff. *Id.* On or about January 1, 2016, Plaintiff filed a dispute directly with Defendant after being instructed to do so by the bureaus. *Id.* In February 2016, Plaintiff received a letter from Defendant confirming his ownership of the account. *Id.* Defendant claimed that it conducted an investigation which verified that the account belonged to Plaintiff. *Id.* Defendant never requested any information from Plaintiff nor shared with him the detailed results of its investigation. *Id.* Plaintiff continued to dispute the account, and on or about April 18, 2016, Plaintiff mailed a "final notice" to Defendant asserting that the account was not his and should be deleted. *Id.*

Plaintiff alleges that Defendant negligently failed to comply with the FCRA by improperly investigating the dispute. *Id.* at ¶ 10. Plaintiff also alleges that Defendant did not "follow reasonable procedures to assure the maximum possible accuracy of information" in Plaintiff's credit report, rendering him unable to purchase and finance a motor vehicle, and falsely reported that Plaintiff was severely delinquent in paying his account. *Id.*

On May 19, 2016, Plaintiff filed a complaint against Defendant in the Superior Court of California for the County of Fresno. Doc. 1 at 1. On June 16, 2016, Defendant removed the case to this Court, where jurisdiction is proper pursuant to 28 U.S.C. § 1441(a). *Id.* On July 28, 2016, this Court granted Defendant's motion to dismiss filed on June 23, 2016, dismissing with prejudice Plaintiff's state law claims of loss of opportunity, defamation, and negligence, and dismissing with leave to amend Plaintiff's FCRA claim. Doc. 6 at 4-5. On August 17, 2016, Plaintiff filed his first amended complaint. Doc. 7. Defendant filed the instant motion to dismiss on August 31, 2016. Doc. 8. Plaintiff did not file an opposition, and Defendant filed a reply on September 23, 2016. Doc. 11.

### III. STANDARD OF DECISION

A Rule 12(b)(6) motion challenges the legal sufficiency of the opposing party's pleadings. Dismissal of an action under Rule 12(b)(6) is proper where there is either a "lack of a cognizable legal

theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990). When considering a motion to dismiss for failure to state a claim under Rule 12(b)(6), all allegations of material fact must be accepted as true and construed in the light most favorable to the pleading party. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996). The inquiry is generally limited to the allegations made in the complaint. *Lazy Y Ranch*, 546 F.3d at 588.

To overcome a Rule 12(b)(6) challenge, the complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible on its face when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plausible claim is one which provides more than "a sheer possibility that a defendant has acted unlawfully." *Id*. A claim which is possible, but which is not supported by enough facts to "nudge [it] across the line from conceivable to plausible . . . must be dismissed." *Twombly*, 550 U.S. at 570.

A complaint facing a Rule 12(b)(6) challenge "does not need detailed factual allegations [but] a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the element of a cause of action will not do." *Id*. at 555 (internal citations omitted). In essence, "a complaint . . . must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." *Id*. at 562. To the extent that any defect in the pleadings can be cured by the allegation of additional facts, the plaintiff should be afforded leave to amend, unless the pleading "could not possibly be cured by the allegation of other facts." *Cook, Perkiss and Liehe, Inc. v. N. Cal. Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir. 1990). In determining whether amendment would be futile, the court examines whether the complaint could be amended to cure the defect requiring dismissal "without contradicting any of the allegations of [the] original complaint." *Reddy v. Litton Indus., Inc.*, 912 F.2d

291, 296 (9th Cir. 1990). Leave to amend should be freely given "when justice so requires," Fed. R. Civ. P. 15, taking into account the purpose of Rule 15 to "facilitate decision on the merits, rather than on the pleadings or technicalities." *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987). When the plaintiff is pro se, before dismissing a complaint "the district court must provide the litigant with notice of the deficiencies in his complaint in order to ensure that the litigant uses the opportunity to amend effectively." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1991).

## IV. ANALYSIS

### A.    Fair Credit Reporting Act Claim

Plaintiff alleges that Defendant negligently failed to comply with the FCRA by not investigating the disputed account. Doc. 7 at ¶ 10. Additionally, Plaintiff alleges that Defendant "failed to follow reasonable procedures to assure the maximum possible accuracy of information in the plaintiff consumer report." Doc. 7 at ¶ 17. Defendant argues that Plaintiff's FCRA claim should be dismissed as he has not alleged that Defendant willfully or negligently violated the FCRA or facts which show a violation of the FCRA. Doc. 8 at 7-8.[1] This Court observed in its previous order to dismiss that Plaintiff purported to

---

[1] Defendant also argues in its reply that Plaintiff's complaint should be dismissed with prejudice because he did not file an opposition. Doc. 11 at 1. The Ninth Circuit has not considered this issue, but a number of sister circuits have ruled that that a plaintiff's failure to respond to a Rule 12(b)(6) motion does not by itself warrant dismissal. *See McCall v. Pataki*, 232 F.3d 321, 322-23 (2d Cir. 2000) ("If a complaint is sufficient to state a claim on which relief can be granted, the plaintiff's failure to respond to a Rule 12(b)(6) motion does not warrant dismissal."); *Carver v. Bunch*, 946 F.2d 451, 454-55 (6th Cir. 1991) (holding that, in the absence of "bad faith or contumacious conduct," it is an abuse of discretion for a district court to dismiss a complaint "solely for [a plaintiff's] failure to respond to [a defendant's] motion to dismiss"); *Curtis v. Bembenek*, 48 F.3d 281, 287 (7th Cir. 1995) ("A *pro se* plaintiff who has alleged well-pled facts supporting a claim for relief can withstand dismissal without responding to a motion to dismiss."); *Issa v. Comp USA*, 354 F.3d 1174, 1178 (10th Cir. 2003) (holding that "even if a plaintiff does not file a response to a motion to dismiss . . . the district court must still examine the allegations in the plaintiff's complaint and determine whether the plaintiff has stated a claim"). Considering the obligation of this Court to afford the benefit of the doubt to pro se plaintiffs, *Bretz v. Kelman*, 773 F.3d 1026, 1027 n. 1 (9th Cir. 1985), the Ninth

bring this case under "Section 1691o(a)" of the FCRA, which does not exist, and treated his claim as if brought under 15 U.S.C. § 1681o(a). Doc. 6 at 3. Plaintiff's first amended complaint continues to reference "Section 1691o(a)." Doc. 7 at 4. This Court is mindful of Plaintiff's pro se status, and the longstanding convention that courts should construe pro se pleadings liberally. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Wolfe v. Strankman*, 392 F.3d 358, 392 (9th Cir. 2004). Therefore, the Court will again construe Plaintiff's FCRA claim as if brought under section 1681o of the FCRA, which establishes a private right of action for negligent noncompliance with the FCRA.

Establishing liability under the FCRA is a two-step process. To protect furnishers from being "exposed to suit by any and every consumer dissatisfied with the credit information furnished," Congress created a filtering mechanism for suits alleging a violation of 15 U.S.C. § 1681s-2. *Nelson v. Chase Manhattan Mortg. Corp.*, 282 F.3d 1057, 1060 (9th Cir. 2002). A consumer who disputes information furnished to a credit reporting agency ("CRA") must first provide notice to the CRA of the dispute, which then investigates the account and communicates the dispute to the furnisher of information. *Id*. Once a CRA has investigated a disputed item and contacted the furnisher, the furnisher is subject to certain statutory duties. *Nelson*, 282 F.3d at 1060. These duties require the furnisher to:

    (A) conduct an investigation with respect to the disputed information;

    (B) review all relevant information provided by the consumer reporting
        agency pursuant to section 1681i(a)(2) of [Title 15]; [and]

    (C) report the results of the investigation to the consumer reporting
        agency.

---

Circuit's pronouncement that a court may not grant a motion for summary judgment solely because the opposing party did not file an opposition, *Martinez v. Stanford*, 323 F.3d 1178, 1183 (9th Cir. 2003), and the judgements of the previously mentioned sister circuits, this Court concludes that Plaintiff's failure to oppose a Rule 12(b)(6) motion is not by itself grounds to dismiss this complaint.

15 U.S.C. § 1681s-2(b)(1). The duties laid out in section 1681s-2(b) are privately enforceable under sections 1681n and 1681o. *Nelson*, 282 F.3d at 1060. Section 1681n establishes a private right of action for willful noncompliance with the FCRA, while section 1681o does the same for negligent noncompliance. 15 U.S.C. §§ 1681n, 1681o; *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1154 (9th Cir. 2009). To state a claim under the FCRA, therefore, a plaintiff must first allege facts which show that he or she disputed an item with a CRA, which then investigated the matter and informed the furnisher of the dispute, triggering the furnisher's duties under the FCRA. *See Roybal v. Equifax*, 405 F. Supp. 2d 1177, 1180 (E.D. Cal. 2005). Once a plaintiff has met that initial burden, he or she must allege facts showing that the furnisher negligently or willfully breached one or more of the specific duties listed in section 1681s-2(b)(1). *Abbot v. Experian Info. Solutions, Inc.*, 2016 WL 1365950, at *3 (N.D. Cal. Apr. 6, 2016).

To survive a motion to dismiss under Rule 12(b)(6), a pleading need not be exhaustively specific, and the Court "presume[s] that 'general allegations embrace those specific facts that are necessary to support a claim.'" *Smith v. Pac. Prop. and Dev. Corp.*, 358 F.3d 1097, 1106 (9th Cir. 2004) (quoting *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 889 (1990)). The pleadings must nevertheless be sufficiently supported with facts so as to permit the reviewing court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Here, Plaintiff alleges that he contacted "all three Credit Borough Disputing the account," and that "[a]ll three Credit Boroughs filed a dispute with Defendant and received a response that the account belongs to Plaintiff." Doc. 7 at ¶ 5. By three "Credit Boroughs," Plaintiff likely means the three main credit reporting bureaus, or CRAs. Therefore, Plaintiff has alleged that he contacted a CRA with his dispute and that the CRA referred the matter to the furnisher. *See Levinson v. Transunion LLC*, 2016 WL 3135642, at * 4 (C.D. Cal. June 2, 2016) (finding that a complaint alleging "one or more of the credit bureaus send dispute notices to [the defendant], thereby activating [the defendant's] obligations to Plaintiffs under the [FCRA]" was sufficient to meet the pleading standard). The Court finds that

Plaintiff has alleged sufficient facts to meet the first element of his pleading burden.

Plaintiff also alleges that he "suffered due to that negligent [*sic*] and noncompliance by failing to investigate the dispute." Doc. 7 at 5. This is not a sufficiently detailed allegation to permit the inference that Defendant either failed to "conduct an investigation with respect to the disputed information" or that the investigation conducted was unreasonable. 15 U.S.C. § 1681s-2(b)(1)(A). Plaintiff's allegation is a bare assertion that Defendant did not investigate the dispute and was negligent in doing so. Standing alone, unsupported by any information about what steps Defendant took before reporting to the CRAs or about what information Defendant reported, Plaintiff's complaint does not allege enough facts to push his claim over the line from possible to plausible. It is particularly difficult to draw this inference in light of Plaintiff's allegation that "Defendant claim [*sic*] that it conducted an investigation and verified that the account belong [*sic*] to Plaintiff." Doc. 7 at ¶ 5. This allegation is in tension with Plaintiff's allegation that Defendant did not investigate the dispute. To meet his pleading standard, Plaintiff would need to set forth some facts or explanation why Defendant's statement that it conducted an investigation is false. It is not reasonable to infer, with no supporting facts or explanation, that Defendant did in fact negligently violate one of its section 1681s-2(b) duties. Therefore, Plaintiff has not set forth a legally cognizable cause of action.

In order to survive a Rule 12(b)(6) motion, the complaint must allege with some specificity facts from which the Court can draw the reasonable inference that Defendant willfully or negligently breached one of the duties imposed by 15 U.S.C. § 1681s-2(b). For example, the complaint states that "[d]efendants failed to follow reasonable procedures to assure the maximum possible accuracy of information in the plaintiff [*sic*] consumer report," suggesting Plaintiff may be alleging that Defendant did not conduct a reasonable investigation. Doc. 7 at ¶ 17. To survive a Rule 12(b)(6) motion to dismiss that claim, Plaintiff would need to provide some information about the investigation which would show that it was not reasonable, such as facts indicating that Defendant did not consider all of the information which the CRAs provided or conduct the investigation in a manner consistent with that

information. *Cf. Gorman*, 584 F.3d at 1157-58 (holding that a furnisher provided with "scant" information from a CRA was not unreasonable in limiting its investigation to a review of its internal account file). The bare allegation that Defendant's investigation came to the wrong result is not enough. "An investigation is not necessarily unreasonable because it results in a substantive conclusion unfavorable to the consumer, even if that conclusion turns out to be inaccurate." *Id*. at 1161. If Plaintiff is alleging that there was no investigation of his dispute by Defendant, he must say so explicitly and provide some supporting facts. If he is alleging that Defendant's investigation was not reasonable, he must likewise clearly state his allegation and in what way he thinks the investigation was unreasonable.

Plaintiff has already had one opportunity to amend his complaint, and ordinarily would not be given another chance to correct his pleading. In this case, however, Plaintiff corrected the problem which was the basis for the prior order of dismissal. The present Order identifies additional and unrelated defects in the amended complaint. Plaintiff has not been given notice of these specific deficiencies for which his complaint is being dismissed prior to this order. As a pro se litigant, Plaintiff is entitled to be informed of the defects in his pleading and have an opportunity to fix those defects before his complaint is dismissed. *Ferdik*, 963 F.2d at 1261. Therefore, Plaintiff will have another chance to amend his complaint. Plaintiff should be aware that if his next amended complaint fails to set forth all of the elements required to allege a violation of the FCRA, including sufficient facts to show that Defendant acted either willfully or negligently in violating 15 U.S.C. § 1681s-2(b), the Court will dismiss his claim with prejudice. Accordingly, the Court GRANTS Defendant's motion to dismiss the FCRA claim, with leave to amend.

**B.     Claims for Loss of Opportunity, Defamation, and Negligence**

This Court's previous order in this case dismissed Plaintiff's state law claims for loss of opportunity, defamation, and negligence without leave to amend. Doc. 6 at 5. The order explained that Plaintiff's state law claims are preempted by the FCRA. *Id*.; *see Equifax*, 405 F. Supp. 2d at 1181-82. Ignoring the order, Plaintiff renews his state law claims in this complaint, and provides no explanation

or argument why the order should be modified or set aside. Therefore, pursuant to the previous order, and for the same reasons explained therein, the Court GRANTS Defendant's motion to dismiss Plaintiff's state law claims without leave to amend.

### V. CONCLUSION AND ORDER

For the foregoing reasons, the Court GRANTS WITH LEAVE TO AMEND Defendant's motion to dismiss Plaintiff's FCRA claim and GRANTS WITHOUT LEAVE TO AMEND Defendant's motion to dismiss Plaintiff's state law claims. Any amended complaint shall be filed on or before October 31, 2016. Failure to meet this deadline will result in this case being dismissed with prejudice for failing to comply with the Court's order.

IT IS SO ORDERED.

Dated: __**October 4, 2016**__             _____/s/ Lawrence J. O'Neill_____
                                                                UNITED STATES CHIEF DISTRICT JUDGE