UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **JOHN SINGH, JR.,** | 1:16-cv-00835 –LJO-BAM |
| Plaintiff, | **MEMORANDUM DECISION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS (Doc.13)** |
| v. | |
| **COLLECTIBLES MANAGEMENT RESOURCES** | |
| Defendant. | |

## I. INTRODUCTION AND BACKGROUND

Pro se Plaintiff John Singh, Jr., brings this action against Defendant Collectibles Management Resources alleging violations of the federal Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.*, and state law claims of loss of opportunity, defamation, and negligence.

On May 19, 2016, Plaintiff filed a complaint against Defendant in the Superior Court of California for the County of Fresno. Doc. 1 at 1. On June 16, 2016, Defendant removed the case to this Court, where jurisdiction is proper pursuant to 28 U.S.C. § 1441(a). *Id.* On July 28, 2016, this Court granted Defendant's motion to dismiss filed on June 23, 2016, dismissing with prejudice Plaintiff's state law claims of loss of opportunity, defamation, and negligence, and dismissing with leave to amend Plaintiff's FCRA claim. Doc. 6 at 4-5. On August 17, 2016, Plaintiff filed his first amended complaint. Doc. 7. Defendant filed a second motion to dismiss on August 31, 2016. Doc. 8. Plaintiff did not file an opposition, and Defendant filed a reply on September 23, 2016. Doc. 11.

On October 5, 2016, the Court issued a Memorandum Decision and Order dismissing Plaintiff's first amended complaint for failure to state a claim. Doc. 12. Plaintiff was directed to serve any

amended complaint on or before October 31, 2016, and instructed that failure to meet the deadline would result in dismissal with prejudice. Doc. 12 at 9. On November 1, 2016, Defendant filed a request for dismissal. Doc. 13. Plaintiff has not made any additional filing in this matter.

## II. DISCUSSION

### A.   Federal Rule of Civil Procedure 41(b) Standard

Dismissal for failing to comply with a court order or failure to prosecute is appropriate under Federal Rule of Civil Procedure ("Rule") 41(b), as well as the inherent power of the Court to manage its docket. *See Link v. Wabash R.R.*, 370 U.S. 626, 629-30 (1962). "Under Ninth Circuit precedent, when a plaintiff fails to amend his complaint after the district judge dismisses the complaint with leave to amend, the dismissal is typically considered a dismissal for failing to comply with a court order." *Yourish v. California Amplifier*, 191 F.3d 983, 986 (9th Cir. 1999).[1]  Dismissal under Rule 41(b) is a sanction to be imposed only in "extreme circumstances." *Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1063 (9th Cir. 2004).

When determining whether a case is appropriate for dismissal for failure to comply with a court order, the Court must consider five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives." *Yourish*, 191 F.3d at 990 (quoting *Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998). The court may dismiss an action "where at least four factors support dismissal, . . . or where at least three factors 'strongly' support dismissal." *Hernandez*, 138 F.3d at 399 (internal citation omitted) (quoting *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992)). While the Court need not

---

[1] The Ninth Circuit's holding in *Yourish* is limited to situations where the plaintiff, having been given an opportunity to amend the complaint or have the case dismissed, takes no action. *Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1065 (9th Cir. 2004).

2

make explicit findings to show that it has considered the five factors, the Ninth Circuit has expressed its preference for such findings. *Ferdik*, 963 F.2d at 1261. Therefore, the Court will consider each factor in turn.

**B.    The Public's Interest in Expeditious Resolution of Litigation**

The first factor strongly favors dismissal of this action. Indeed, "the public's interest in expeditious resolution of litigation always favors dismissal." *Yourish*, 191 F.3d at 990. On October 5, 2016, the Court permitted Plaintiff to serve an amended complaint by October 31, 2016. Plaintiff did not meet that deadline, and has not replied to Defendant's November 1, 2016, motion to dismiss. Plaintiff's failure to amend his complaint or prosecute his case has caused an undue delay in this action. Plaintiff has provided no excuse or explanation for his inaction and has shown no intention to remedy his inaction in the future. *See Moneymaker v. CoBen*, 31 F.3d 1447, 1452 (9th Cir. 1994) (last minute motions to set trial dates and unexcused late filings after a motion to dismiss was filed did not excuse a four year delay). Plaintiff has filed no papers whatsoever since his first amended complaint on August 17, 2016. Plaintiff's actions are contrary to the public's interest in expeditious resolution of litigation, and this factor strongly favors dismissal.

**C.    The Court's Need to Manage Its Docket**

The second factor, the Court's interest in managing its docket, also strongly favors dismissal. The Eastern District of California has one of the highest weighted filings per judgeship in the Nation. Administrative Office of the United States Courts, *Judicial Business of the United States Courts 2015* Table X-1A (Sept. 30, 2015) *available at* http://www.uscourts.gov/statistics/table/x-1a/judicial-business/2015/09/30; *Responding to the Growing Need for Federal Judgeships: The Federal Judgeship Act of 2009: Hearing Before the United States Committee on the Judiciary*, 111th Congr. (Sept. 22, 2009) (statement of the Hon. Lawrence J. O'Neill, United States District Court Judge). To address this caseload in a timely manner, the Court must manage its docket efficiently and expeditiously. Plaintiff's failure to amend or withdraw his complaint, oppose Defendant's motions, and to abide by the Court's

orders has caused the litigation to grind to a halt and consumed scarce judicial resources. Consequently, this factor strongly favors dismissal.

**D.     The Risk of Prejudice to Defendant**

The third factor, the risk of prejudice to Defendant, also cuts in favor of dismissal. The mere pendency of a lawsuit and limited delays are not so prejudicial to a defendant as to support dismissal unless the prejudice "compounded by 'unreasonable' delays." *Yourish*, 191 F.3d at 991 (citing *Ash v. Cvetkov*, 739 F.2d 493, 496 (9th Cir. 1984)). The Court dismissed Plaintiff's first amended complaint with leave to amend over thirty days ago. While not an unusual length of time for a case to sit, an explicit deadline was communicated to Plaintiff in this matter. Additionally, "[t]he risk of prejudice to a defendant is related to the plaintiff's reasons for defaulting in failing to timely amend." *Yourish*, 191 F.3d at 991. Here, Plaintiff has offered no reason for the failure to amend. If he intended to abandon his claim, Plaintiff should have notified the Court and Defendant. Instead, his silence forced Defendant to make the instant motion and the Court to expend judicial resources. As Plaintiff continues to take no action to prosecute his claim or comply with the Court's orders, while Defendant continues to take active part in this matter, allowing Plaintiff to continue this action is prejudicial to Defendant.

**E.     The Public Policy Favoring Disposition of Cases on the Merits**

The fourth factor favors resolution of this matter on the merits and "strongly counsels against dismissal." *Hernandez*, 138 F.3d at 399. Plaintiff has not as of yet set forth a legally cognizable cause of action in either his initial or amended complaint, but, to the extent that there is a viable cause of action, public policy strongly favors resolution on the merits and this factor weighs against dismissal.

**F.     The Availability of Less Drastic Sanctions**

The fifth factor also favors dismissal, as there are no available less drastic alternatives which would plausibly address this situation. Plaintiff has failed to comply with an order of the Court, and this case has remained inactive in for several months. Conceivably, the Court could grant Plaintiff, as a less drastic alternative, additional time to replead. *See Yourish*, 191 F.3d at 991 (citing *Nevijel v. North*

*Coast Life Ins. Co.*, 651 F.2d 671, 673 (9th Cir. 1981)).  Given Plaintiff's silence in this matter, however there is no reason to believe that another opportunity to file an amended complaint would be productive.  Additionally, "warning a plaintiff that failure to obey a court order will result in dismissal can suffice to meet the 'consideration of alternatives' requirement." *Malone v. U.S. Postal Service*, 833 F.2d 128, 132-33 (9th Cir. 1987).  The Court's October 5, 2016, order dismissing Plaintiff's amended complaint specifically warned that "[f]ailure to meet this deadline will result in this case being dismissed with prejudice." Doc. 12 at 9.  As Plaintiff has already been warned of the pending dismissal, and there are no plausible less drastic alternatives available, this factor weighs in favor of dismissal.

Four out of the five factors favor dismissal of this action.  The remaining factor, the public policy favoring disposition of cases on the merits, weighs against dismissal.  Since four factors support dismissal and at least three factors strongly support dismissal, the Court finds that dismissal of this action is an appropriate sanction for Plaintiff's failure to obey this Court's October 5, 2016, order to file an amended complaint.

### III. CONCLUSION AND ORDER

For the foregoing reasons, the Court DISMISSES WITH PREJUDICE this action in its entirety.

IT IS SO ORDERED.

Dated:  **November 14, 2016**         /s/ Lawrence J. O'Neill
                                                     UNITED STATES CHIEF DISTRICT JUDGE